UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOBBY WALKER, JR.,

Plaintiff,

v. : CASE No. 8:15-CV-2246-T-27TGW

INDIAN RIVER TRANSPORT CO.,

Defendant.

---

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the defendant's Motion to Tax Costs (Doc. 43) pursuant to Rule 54(d)(1) and Local Rule 4.18. The defendant seeks reimbursement for service of process, document production, and deposition fees and transcripts, totaling $6,361.15 (Doc. 43-1). Although the defendant stated that the plaintiff objects to the requested relief (Doc. 43, p. 4), the plaintiff has not filed a response to the motion.

Pursuant to Rule 54(d)(1), F.R. Civ. P., costs "should be allowed to the prevailing party." However, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of

his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Rather, costs awarded under this rule are limited to the list of items set forth in 28 U.S.C. 1920 and related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In this case, the defendant prevailed on summary judgment (Doc. 39), and judgment was entered accordingly (Doc. 40). Therefore, the defendant is the prevailing party and, as such, it is "entitled to receive costs under Fed. R. Civ.P. 54(d)." United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The defendant submitted the affidavit of Stephen Senn, its counsel in this case, who attested to the recoverable costs incurred in representing the defendant (Doc. 43-1). These costs comprise service of process, document production, deposition fees (i.e., court reporter and video recording), and deposition transcripts (id.).

All of these expenses are reimbursable costs. Thus, costs related to these depositions are authorized by §1920(2), as they were "used in support of [the defendant's]...Motion for Summary Judgment" (Doc. 43, p. 3; Doc. 43-1, p. 2). See United States Equal Employment Opportunity Commission

v. W&O, Inc., supra, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions."); see also Smith v. Secretary, Florida Dep't of Corrections, 598 Fed. Appx. 738, 739 (11th Cir. 2015)("deposition costs of parties may be awarded if the prevailing party could have reasonably believed that the deposition was necessary"). These costs total $5,112.15 (Doc. 43-1).

The defendant also seeks reimbursement of $110.00 for document production that it necessarily incurred in its defense of this case (Doc. 43, p. 3). Section 1920(4) permits reimbursement for photocopying "necessarily obtained for use in the case." See id. at 623; Smith v. Secretary, Florida Dep't of Corrections, supra, 598 Fed. Appx. at 739 ("Copying costs may be awarded for any copying the prevailing party could have reasonably believed was necessary.").

Additionally, fees for service of process are compensable under 28 U.S.C. 1920(1). See United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 624. Those costs total $1,138.00 (Doc. 43-1).

The plaintiff, as indicated, has not filed a memorandum in opposition to the motion, and the time for responding to the motion has expired. See Local Rule 3.01(b). The plaintiff also has not sought an extension of time to oppose the motion. Therefore, pursuant to Local Rule 3.01(b), it is assumed that the plaintiff no longer objects to the requested relief. See id. ("Each party opposing a motion...shall file within fourteen (14) days after service of the motion...a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document not more than twenty (20) pages.").

For the foregoing reasons, I recommend that the defendant's Motion to Tax Costs (Doc. 43) be granted, and the Clerk be directed to tax defendant's costs against the plaintiff in the amount of $6,361,15.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: Feb. 28, 2017

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.